UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Annalise Hernandez,

          Plaintiff,

     -against-

Forster & Garbus, LLP and Arrow Financial
Services, LLC.,

          Defendants.
-------------------------------------------------------------X

JUDGE SCHEINDLIN

No: 10 CV 4018

COMPLAINT

JURY DEMANDED

MAY 14 2010
U.S.D.C. S.D. N.Y.
CASHIERS

## Complaint

### Introduction

1.     Plaintiff is a consumer who has been subjected to Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and New York General Business Law ("GBL") § 349. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices.   New York GBL § 349 prohibits deceptive acts and practices in any business conducted in New York State.

2.     Defendants violated the FDCPA and GBL § 349 by (1) bringing a legal action on a debt against Plaintiff after accepting her payment in full settlement of that debt, and (2) making false statements to the Court in that action.

### Jurisdiction and Venue

3.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.     Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Parties*

6.     Plaintiff Annalise Hernandez (Plaintiff or Hernandez) is a citizen of New York State who resides within this District.

7.     Hernandez is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

8.     Defendant Forster & Garbus, LLP (Defendant or F&G) is a law firm engaged in the business of collecting debts in New York State.

9.     Defendant's principal place of business is located at 500 Bi-County Boulevard, Suite 300, PO Box 9030, Farmingdale, NY 11735-9030.

10.     Upon information and belief, F&G's principal purpose is the collection of debts using the mails, telephone and litigation.

11.      Upon information and belief, F&G regularly attempts to collect debts alleged to be due another using the mails, telephone and litigation.

12.     Defendant F&G is a "debt collector," as defined by FDCPA § 1692a(6).

13.     Defendant Arrow Financial Services, LLC (Defendant or Arrow) is a company engaged in the business of collecting debts in New York State.

14.     Arrow's principal place of business is located at 5996 W. Touhy Avenue, Niles, Illinois 60714.

15.     Upon information and belief, Arrow's principal purpose is the collection of debts using the mails, telephone and litigation.

16.     Upon information and belief, Arrow regularly attempts to collect debts alleged to be due another using the mails, telephone and litigation.

17.     Defendant Arrow is a "debt collector," as defined by FDCPA § 1692a(6).

*Factual Allegations*

18.     On or about November 24, 2009 Defendant F&G called Plaintiff on her cell phone and claimed to be collecting a debt of $1323.18 that Plaintiff allegedly owed to F&G's client Defendant Arrow Financial Services.

19.     On or about November 25, 2009 Plaintiff and Defendant F&G agreed to settle Defendant Arrow's claim for $661.60.

20.     On or about November 27, 2009 Defendant F&G faxed an acknowledgement of the settlement agreement to Plaintiff.  A copy of that acknowledgement is attached as Exhibit A.

21.     Exhibit A indicates that the alleged debt would be considered settled in full if Plaintiff's payment of $661.60 were received in Defendant F&G's office on or before November 30, 2009.

22.     On November 27, 2009, Plaintiff sent F&G a money order for $661.60 through U.S. Postal Service Overnight Express Mail.  F&G received Plaintiff's payment on November 30, 2009.

23.     On or about December 8, 2009, Defendant F&G, representing Defendant Arrow, filed a complaint on behalf of Arrow against Plaintiff in the Civil Court of the City of New York, New York County, Index No. 057736-2009 (New York County action).

24.     On or about January 27, 2010, Defendant F&G mailed a copy of the summons and complaint in the New York County action to Plaintiff.  A copy of the summons and complaint is attached as Exhibit B.

25.     On or about February 2, 2010, Plaintiff went to the New York County Civil Court at 111 Centre Street, New York, New York, to request the file associated with the law suit.  She was informed that no file was available at that time, and was directed to try again at a later date.

26.     On or about February 4, 2010, Plaintiff again went to the New York County Civil Court to inquire about the file and seek advice on how to defend herself in the law suit.

27.     On February 9, 2010, Plaintiff went to the courthouse again and filed an answer to Arrow's complaint.  A pre-trial hearing date was scheduled for April 1, 2010.

28.     On April 1, 2010, Plaintiff appeared in New York County Civil Court in front of the Honorable Arthur Engoron.

29.     Upon information and belief, Arrow's suit against Plaintiff has since been discontinued without prejudice.

30.     The alleged debt that Defendants sought to collect from Plaintiff arose out of transactions that were incurred primarily for personal, family, or household purposes.

31.     The alleged debt that Defendants sought to collect from Plaintiff is a "debt," as that term is defined by § 1692a(5) of the FDCPA.

<u>COUNT I</u>
Violations of §§ 1692e and f of the
Fair Debt Collection Practices Act, and their subsections

32.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

33.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.  Specifically, FDCPA § 1692e(2)(A) states that a debt collector cannot make a "false representation of the character, amount, or legal status of any debt."  FDCPA § 1692e(5) prohibits a collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

34.     Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."  Specifically, FDCPA § 1692f(1) prohibits "[t]he collection of any amount (including interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

35.     By filing the legal action in New York County Civil Court on December 8, 2009, Defendants violated 15 U.S.C. § 1692e and e(10) because starting a lawsuit after the full settlement of the debt is false and deceptive.  This is also an unfair and unconscionable act under 15 U.S.C. § 1692(f).

36.     The Summons and Complaint in the New York County action – attached hereto as <u>Exhibit B</u> – violate 15 U.S.C. §§ 1692e(2)(A) and f(1) because they contain false representations of the character, amount, and legal status of the debt, and they constitute an attempt to collect an amount not authorized by agreement or permitted by law.  Furthermore, the summons violates 15 U.S.C. § 1692e(5) because it threatens Plaintiff with a default judgment for $1230.68 if she fails to answer the complaint.  This is an action that cannot legally be taken because the debt upon which Defendants sued was settled in full on November 30, 2009.  The use of the summons and complaint in the New York County action also constitutes a false and deceptive act under 15 U.S.C. § 1692e and e(10) and an unfair and unconscionable act under 15 U.S.C. § 1692f.

37.     Defendant's violations of 15 U.S.C. §1692, *et seq.*, render it liable to Plaintiff.

38.     As a result of Defendant's deceptive and unfair debt collection practices, Defendant is liable to the Plaintiff.

<u>COUNT II</u>
*Violations of New York General Business Law § 349*

38.     Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

39.     Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

40.     GBL § 349 provides in relevant part as follows:

    *a.     Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

    *h.     In addition to the right of action granted to the attorney general pursuant to  this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

41.     By unlawfully filing a complaint in New York County Civil Court, mailing a copy of the summons and complaint in that action to Plaintiff, and making false and deceptive statements within the summons and complaint, Defendants have committed materially misleading and consumer-oriented acts that have caused Plaintiff to suffer actual injury in the form of emotional distress and lost wages from the time Plaintiff was forced to spend in responding to and defending against the unlawful lawsuit.

42.    Upon information and belief, Defendants regularly utilize deceptive practices as described above in an attempt to collect consumer debts.

43.    Defendants' actions have a broad impact on New York consumers at large.

44.    As a direct and proximate result of Defendants' deceptive acts and practices, committed in willful and knowing violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety and lost time and wages as a result of Defendant's deceptive collection practices.

45.    Defendant is liable to Plaintiff for violations of GBL § 349.

### Demand for Jury Trial

46.    Plaintiff demands a trial by Jury.

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor and that judgment be entered against Defendants for the following:

(A)    Actual damages;

(B)    Statutory damages;

(C)    Civil Penalties;

(D)    Punitive Damages;

(E)    Attorneys' fees, litigation expenses and costs;

(F)    A declaration that the Summons and Complaint filed in the New York County action violate 15 U.S.C. § 1692 *et seq.*

8

(G)    Any other relief that this Court deems appropriate under the circumstances.

Dated:    New York, New York
          May 13, 2010

                              Respectfully submitted,


                              By: _____
                                   Peter T. Lane
                                   One of Plaintiff's Attorneys

Attorneys for Plaintiff
Brian L. Bromberg
Peter T. Lane
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 248-7906

# Exhibit A

**FORSTER & GARBUS LLP**
A NEW YORK LAW FIRM
500 BI-COUNTY BOULEVARD · SUITE 300
P.O. BOX 9030
FARMINGDALE, N.Y. 11735-9030
(631) 393-9400
Fax (631) 393-9490

RONALD FORSTER – Adm. in NY Only
MARK A. GARBUS – Adm. in NY Only
——————————————————
EDWARD J. DAMSKY – Adm. in NY Only
GLENN S. GARBUS – Adm. in NY, NJ & CT
JOEL D. LEIDERMAN – Adm. in NY Only

TESS E. GUNTHER – Adm. in NY & CT
KRISTEN S. MANTYLA – Adm. in NY Only
MICHAEL J. FLORIO – Adm. in NY Only
ANNETTE T. ALTMAN – Adm. in NY Only
NILI FARZAN – Adm. In NY Only

11/27/2009
Via Facsimile 212-665-8524

ANNALISE HERNANDEZ

Re: ARROW FINANCIAL SERVICES LLC A/P/O WASHINGTON MUTUAL BANK
Vs: ANNALISE HERNANDEZ
Account No:
Orig Acct#:
Ref No:
Orig Balance:        $1,323.18

Dear Sir or Madam:

This will acknowledge that the above referenced account will be considered settled in full in the amount of $661.60 due in our office on or before 11/30/09.

This settlement will be null and void if this account is being paid from the proceeds of a sale of property or a refinance of property owned by the defendant.

A Stipulation of Discontinuance or a Satisfaction of Judgment, whichever is applicable, shall be filed with the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF NEW YORK under index#        0.

Make payment payable to "Forster & Garbus LLP" as attorneys and send to: P.O. BOX 9030, FARMINGDALE, NY 11735-9030.

Very truly yours,

FORSTER & GARBUS LLP

KEN BLACK
Collection Supervisor

PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.

# Exhibit B

CONSUMER CREDIT TRANSACTION
IMPORTANT! YOU ARE BEING SUED!!
THIS IS A COURT PAPER - *A SUMMONS*

DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY
CAN BE TAKEN FROM YOU [GARNISHEED]. IF YOU DO NOT BRING THIS TO COURT, OR
SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE
HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR
OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK
[PERSONAL APPEARANCE] WILL HELP YOU!

Civil Court of the City Of New York                    Summons And Formal Complaint

County of NEW YORK                                                                      4

ARROW FINANCIAL SERVICES LLC          *Index No.* 057736-09- filed-12-8-09
A/P/O WASHINGTON MUTUAL BANK          *Plaintiff's Address:*      5996 W TOUHY AVE
                                                                  NILES IL 60714

                          *Plaintiff*                    FILE NO. ▉▉▉▉▉▉▉▉

        *against*                              *The basis of venue designated is:*
                                               *Defendant resides in*      NEW YORK
ANNALISE HERNANDEZ          *Defendant(s)*
                                               *Transaction to place in*    NEW YORK

*To the above named Defendant(s)*
*YOU ARE HEREBY SUMMONED to appear in The Civil Court of the City of New York, County of*
NEW YORK          *at the office of the Court Clerk at*                    111 CENTRE STREET
*in the County of*      NEW YORK      *City and State of New York, within the time provided by the law as*
*noted below and to file your answer to the annexed complaint with the Clerk: upon your failure to*
*answer, judgement will be taken against you for the sum of $*      1,230.68 *with interest thereon*
*from the* 20 *day of*          OCTOBER   , 2009          *, together with the costs of this action.*
Date: 11/25/09                          FORSTER & GARBUS LLP ATTY FOR PLTF
                                        500 BI-COUNTY BLVD FARMINGDALE NY 11735
Def.: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉          TEL: (631-393-9400)


Note: The law provides that:(a) if this summons is served by its delivery to you personally
within the City Of New York, you must appear and answer within      20   days after such
service; or (b) If this summons is served by delivery to any person other than you
personally, or is served outside the City of New York, or by publication, or by any means
other than personal delivery to you within the City of New York, you are allowed      30
days after proof of service thereof is filed with the Clerk of this Court within which to
appear and answer.

TRANSACCION DE CREDITO DEL CONSUMIDOR
!IMPORTANTE! !UD. HA SIDO DEMANDADO!
ESTE ES UN DOCUMENTO LEGAL - *UNA CITACION*

!NO LA BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO [EMBARGARLO]. !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, [PROPIEDAD] Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

Civil Court of the City Of New York                    Summons And Formal Complaint

County of   NEW YORK

ASSET FINANCIAL SERVICES LLC
A/P/O WASHINGTON MUTUAL BANK

                                            *No. de epigrafe*
                                            *El direccion del Demandante:*   5996 W TOUHY AVE
                                                                            NILES IL 60714

                        *Demandante*

         *Vs.*                              *La razon de haber designado esta Corte es:*
                                            *El Demandado vive en el Condado de*   NEW YORK

ANNALISE HERNANDEZ       *Demandado(s)*
                                            *La transaccion de credito tuvo lugar en el Condado de*
                                                                            NEW YORK        /

*Al demandado arriba mencionado:*

*USTED ESTA CITADO a comparecer en la Corte Civil de la Cuidad de Nueva York, Condado de* NEW YORK *a la oficina del Jefe Principal de dicha Corte en* 111 CENTRE STREET *en el Condado de* NEW YORK *Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y presentar su repuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se rendira sentencia contra usted en la suma de $* 1,230.68 *con intereses en dicha cantidad desde el dis 20 de OCTUBER , 2009 incluyendo las costas de esta causa.*
Fechado, 11/23/09                           FORSTER & GARBUS LLP  ATTYS FOR PLTF
                                            500 BI-COUNTY BLVD FARMINGDALE NY 11735

Nota: La ley provee que. (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de   20   dias despues de la entrega; o (b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la Ciudad de Nueva York, o por medio de publicacion, o por otros medios, que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene   30   dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

FILE NO.  ███████

FORMAL COMPLAINT

IVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

ARROW FINANCIAL SERVICES LLC
A/P/O WASHINGTON MUTUAL BANK

*Plaintiff*

*against*

ANNALISE HERNANDEZ

*Defendant(s)*

Plaintiff, by its attorney(s) complaining of the Defendant(s), upon information and belief, alleges:
1. That Defendant(s) resides in the county in which this action is brought; or that Defendant(s) transacted business within the county in which this action is brought in person or through his agent and that the instant cause of action arose out of said transaction.
2. ON INFORMATION AND BELIEF THE DEFENDANT IN PERSON OR THROUGH AN AGENT MADE CREDIT CARD PURCHASES OR TOOK MONEY ADVANCES UNDER A CREDIT CARD OR LINE OF CREDIT ACCOUNT OR PROMISSORY NOTE/LOAN- WHICH A COPY WAS FURNISHED TO DEFENDANT. PLAINTIFF PURCHASED THIS ACCOUNT FOR VALUE AND THE DEFENDANT WAS NOTIFIED OF SAME.
3. THERE REMAINS AN AGREED BALANCE ON SAID ACCOUNT OF $ 1,230.68 ,DUE AND OWING ON PLAINTIFF'S CAUSE OF ACTION. NO PART OF SAID SUM HAS BEEN PAID ALTHOUGH DULY DEMANDED.

4. DEFENDANT(S) IS IN DEFAULT AND DEMAND FOR PAYMENT HAS BEEN MADE.
5. PLAINTIFF, AS OWNER, IS AUTHORIZED TO PROCEED WITH THIS ACTION.
6. PLAINTIFF IS LICENSED BY THE NYC DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 0978241

There is due Plaintiff from Defendant(s) the amount in the complaint, no part of which has been paid, although duly demanded

WHEREFORE Plaintiff demands judgement against Defendant(s) for the sum of $ 1,230.68 with interest thereon from the 20 day of OCTOBER , 2009 together with the costs and disbursements of this action.

WE ARE DEBT COLLECTORS; ANY INFORMATION OBTAINED WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.

FORSTER & GARBUS LLP
TEL # 1-631-393-9400
ATTORNEY(S) FOR PLAINTIFF
500 BI CNTY BLVD
FARMINGDALE, NY 11735
NYC DCA LIC # 1259596

DATED: THE 23 DAY OF NOVEMBER , 2009
FILE NO. ▮▮▮▮▮▮▮▮

GLENN S. GARBUS  JOEL D. LEIDERMAN

Page 3

COPY